IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| BOBBY G. WYATT,           )<br>          Petitioner,            )<br>                                        )<br>v.                                     )<br>                                        )<br>RICK THALER, Director,          )<br>Texas Department of Criminal Justice,   )<br>Correctional Institutions Division,     )<br>          Respondent.            ) | Civil No. 7:07-CV-044-O |

MEMORANDUM OPINION AND ORDER

ON THIS DATE, came on to be considered the papers and pleadings filed in this action, and the Court finds and orders as follows:

Petitioner seeks to challenge the validity of his Wichita County conviction for the offense of murder. Petition ¶¶ 1 & 4. Upon his plea of not guilty, Wyatt was tried by jury, found guilty and sentenced to life in prison. *Id.* at ¶¶ 3 & 5; Respondent's Answer at p. 2; *State v. Wyatt*, No. 39,306-C (89th Judicial District Court of Wichita County, Texas). Wyatt's conviction was affirmed by the Second Court of Appeals on March 23, 2006. *Wyatt v. State*, No. 02-05-00128-CR (Tex. App. – Ft. Worth 2006, pet ref'd). On August 30, 2006, his petition for discretionary review was refused by the Texas Court of Criminal Appeals. *In re Wyatt*, PD-0709-06 (Tex. Crim. App. August 30, 2006). Petitioner filed one state habeas applications attacking his murder conviction without success. *Ex parte Wyatt*, App. No. WR-66,705-01 (Tex. Crim. App. 2007). Petitioner filed the instant case on March 6, 2007.

In his sole ground for habeas relief, Wyatt claims that he was denied effective assistance of counsel due to counsel's failure to object to the trial court's erroneous admission of an extraneous offense.[1]  Petition ¶ 20.A.  Respondent argues that Wyatt is not entitled to the relief he seeks.

The AEDPA provides in relevant part that:

> (d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2010).

Under the "contrary to" clause, a federal court may grant the writ of habeas corpus if the state court either arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).  Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applies the correct legal rule to the facts of a particular case or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.  *Williams*, 529 U.S. at 407.  The standard for

---

[1] Respondent has construed the instant petition as raising three grounds for relief.  *See Respondent's Answer at p. 3*.  However, in his reply to Respondent's answer, Petitioner makes it clear that he presents only one ground for habeas relief; ineffective assistance of counsel.  *Petitioner's Reply at p. 2*.

determining whether a state court's application was unreasonable is an objective one and applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). In the context of habeas corpus, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The resolution of factual issues by the state court is afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by the record. *E.g., Burden v. Zant*, 498 U.S. 433, 436-37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994); 28 U.S.C. § 2254(d).

In his sole ground for relief, Petitioner alleges that trial counsel was ineffective for failing to object to the admission of evidence of Petitioner's acquittal on a prior murder charge. Petitioner's Memorandum Brief and Support of Argument at pp. 1-2 (hereinafter "Petitioner's Brief at p. ___."). Petitioner asserts that the admission of evidence of the prior acquittal constituted erroneous

admission of an extraneous offence.[2] Wyatt argues that, by failing to object, counsel failed to preserve the error for appeal, denied him the opportunity to request a mistrial and allowed a double jeopardy violation to occur. *Id. at pp. 2-3.*

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to obtain habeas relief on a claim of ineffective assistance of counsel, the petitioner must prove (1) that his counsel's performance was deficient and (2) that it prejudiced the defendant. *Id.* To dispose of an ineffective assistance claim, a federal habeas court need not address both prongs of the *Strickland* standard. *Strickland*, 466 U.S. at 700; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990).

In measuring whether counsel's representation was deficient, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffectively by hindsight." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered

---

[2] Extraneous offenses may be admitted into evidence without violating due process if prosecutors (1) made a strong showing that defendant committed the offense, and (2) demonstrated that the extraneous offense was rationally connected with the offense charged. *Story v. Collins*, 920 F.2d 1247, 1245 (1991). To prevail on a claim that evidence of an extraneous offense was erroneously admitted at trial, a petitioner for habeas relief must "establish that the trial error [if any] was not merely an abuse of discretion, but was so grave as to amount to a denial of his constitutional right to substantive due process: that is, that the error made the trial fundamentally unfair." *Kirkpatrick v. Blackburn*, 777 F.2d 272, 279 (5th Cir. 1985), (citing *United States v. Bagley*, 473 U.S. 667 (1985)).

sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

In order to satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's errors were so egregious as to deprive the defendant of a fair trial whose result is reliable. *Strickland*, 466 U.S. at 687. The test to establish whether there was prejudice is whether "there is a reasonable probability that, but for the counsel's unprofessional errors, the trial would have been different." *Id.* at 694. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* It is not enough for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill v. Lockhart*, 474 U.S. 52, 59-61 (1985); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

On direct appeal, the Second Court of Appeals set forth the facts surrounding Wyatt's offense as follows:

> One evening, a group of people gathered outside Appellant Bobby Gene Wyatt's house. They were drinking. Late in the evening, Appellant got into an argument with one of his guests and asked him to leave. The guest refused. Appellant hit him a few times with his .22 rifle and then shot him in the face. The guest died at the scene from hemorrhagic shock and aspiration, and the State charged Appellant with his murder. A jury rejected Appellant's claim of self-defense, convicted him of murder, and assessed his punishment at life imprisonment and a $10,000 fine. The trial court sentenced him accordingly.

*Ex parte Wyatt*, App. No. WR-66,705-01 at pp. 29-30. On direct appeal, Wyatt raised his claim "that the trial court erred by admitting during the guilt-innocence phase evidence of Appellant's acquittal of attempted murder in 1977." *Id.* at p. 34. Upon thorough review of the record, the Court of Appeals found that, in the context of remoteness, although the trial court erred in admitting evidence of the 1977 acquittal, the error was harmless and cumulative of more provocative evidence

of which Wyatt did not complain.[3]  *Id.* at pp. 38-40.  The appellate court further found that Wyatt had waived any claim that the prior acquittal should not have been admitted as an extraneous offense because he did not raise that objection at trial and, therefore, failed to preserve it.  *Id.* at p. 34.

The state habeas court reviewed Petitioner's claim of ineffective assistance of counsel for failing to object to the admission of the prior acquittal as an extraneous offense and found "that if the introduction of the extraneous offense was harmless error in the context of remoteness, [as determined by the Court of Appeals] it is likewise harmless in the context presented by the applicant."  *Id.* at p. 27.  Where trial court error in admitting evidence is found to have been harmless error, a habeas petitioner cannot prevail on a claim of ineffective assistance of counsel based upon counsel's failure to object because he cannot show prejudice as required under *Strickland*.  *White v. Johnson*, 153 F.3d 197, 208 (5th Cir. 1998).

The Court of Criminal Appeals "denied [Wyatt's habeas application] without written order on findings of the trial court without hearing."  *Ex parte Wyatt*, App. No. WR-66,705-01 at Cover.  In Texas, when the Court of Criminal Appeals "denies" a petition for writ of habeas corpus rather than "dismissing" it, the grounds for relief are disposed of on the merits.  *See Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

Upon review of the papers, pleadings and records in this case, the Court finds that Petitioner has failed to establish that the state court's adjudication of his ineffective assistance of counsel claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  *See* 28 U.S.C.A.

---

[3] At trial, counsel objected to the admission of the evidence of Wyatt's prior acquittal on the ground of remoteness.  The objection was overruled.  *State v. Wyatt*, No. 39,306-C (89th Judicial District Court of Wichita County), Reporter's Record, Vol. 4, p. 39.

§ 2254(d) (West 2010). Petitioner has further failed to demonstrate that the state court's decision was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

Copies of this order shall be transmitted to Petitioner and to Counsel for Respondent.

SO ORDERED this 30th day of March, 2010.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**